**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEAH SPAHR**, | : | **CIVIL ACTION NO. 1:05-CV-0606** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WACHOVIA BANK and TRUST** | : | |
| **COMPANY, N.A. d/b/a WACHOVIA** | : | |
| | : | |
| **Defendant** | : | |

## <u>ORDER</u>

AND NOW, this 1st day of December, 2005, upon consideration of the motion
(Doc. 15), filed by counsel for plaintiff, Attorney Joseph C. Korsak ("Attorney
Korsak"), seeking leave to withdraw as counsel on grounds that plaintiff has failed,
despite reasonable warning, to fulfill financial obligations, Attorney Korsak's brief
(Doc. 23) and supplemental brief (Civil Action No. 1:05-CV-0693, Doc. 10)[1] in support
thereof, and plaintiff's opposition to the motion (Docs. 21, 25), and it appearing that
plaintiff was responsible for reasonably necessary expenses (see Doc. 25, Ex. A ¶ 2),
that plaintiff, in a previous, nearly identical arrangement with Attorney Korsak, had
paid such expenses (see Civil Action No. 1:05-CV-0693, Doc. 10, Exs. B, C), and that
plaintiff has stopped payment on a check for such an expense in the instant case
(see Doc. 23, Ex. B), and the court finding that plaintiff has failed substantially to

---

[1] Attorney Korsak mistakenly filed the supplemental brief in the related case,
Civil Action No. 1:05-CV-0693.  As this related case was closed and consolidated into
the above-captioned case (see Civil Action No. 1:05-CV-0693, Doc. 9), all future
submissions shall be filed in the above-captioned case.

fulfill an obligation to Attorney Korsak despite reasonable warning, see PA. RULES PROF'L CONDUCT R. 1.16(b)(5); Novinger v. E.I. DuPont de Nemours & Co., 809 F.2d 212, 218 (3d Cir. 1987) (stating that counsel may withdraw only "for reasonable cause and upon reasonable notice"); see also Ryan v. Butera, Beausang, Cohen & Brennan, 193 F.3d 210, 212 n.4 (3d Cir. 1999); L.R. 83.23.2 (adopting Pennsylvania Rules of Professional Conduct), and that plaintiff's conduct has resulted in an unreasonable financial burden on Attorney Korsak and an irretrievable break in the attorney-client relationship, see PA. RULES PROF'L CONDUCT R. 1.16(b)(6)-(7), it is hereby ORDERED that:

1. The motion (Doc. 15) for leave to withdraw as counsel for plaintiff is GRANTED.  See PA. RULES PROF'L CONDUCT R. 1.16(b)(5)-(7); Novinger v. E.I. DuPont de Nemours & Co., 809 F.2d 212, 218 (3d Cir. 1987); L.R. 83.23.2.

2. Attorney Joseph C. Korsak is TERMINATED as attorney of record for plaintiff Leah Spahr.

3. The Clerk of Court is directed to designate Leah Spahr as a *pro se* plaintiff.

4. The Clerk of Court is directed to send a copy of this order and the docket in this case via regular mail to Leah Spahr at 1854 Jefferson Road, Spring Grove, Pennsylvania, 17362.

5. A revised pretrial/trial schedule will be issued by a subsequent order of court.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge